RECEIVED
9/17/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PC SCAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

25CV50148

JUDGE PALLMEYER
MAGISTRATE JUDGE SCHNEIDER

SENECA SMITH K76299 and

CLASS MEMBERS

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Case No: _____
(To be supplied by the Clerk of this Court)

LATOYA HUGHES,[1] JOHN/JANE DOE,

JUSTIN HAMMERS,[2] JOHN/JANE DOE,

[3] JOHN/JANE DOE, [4] JOHN/JANE DOE,

WARDEN LAZANO, ANDREA TACK, and

BRITTANY GREENE,

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

__X__ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

__X__ OTHER (cite statute, if known) 3 U.S.C. § 421 and 730 ILCS 5/3-7-3(b)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I. **Plaintiff(s):**

   A. Name: Seneca Smith

   B. List all aliases: _____

   C. Prisoner identification number: K76299

   D. Place of present confinement: Western IL C.C.

   E. Address: 2500 Rt 99 South, Mt. Sterling, IL 62353

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: Latoya Hughes

   Title: Director of IDOC

   Place of Employment: 1301 Concordia Ct., Springfield, IL 62794

   B. Defendant: John/Jane Doe #1

   Title: Regional Director IDOC Northern District

   Place of Employment: 1301 Concordia Ct., Springfield, IL 62794

   C. Defendant: Justin Hammers

   Title: Regional Director IDOC Central District

   Place of Employment: 1301 Concordia Ct., Springfield, IL 62794

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Plaintiff(s)

A.  Name: Class Members

B.  List all aliases:

C.  Prisoner identification number:

D.  Place of present confinement: All IDOC facilities

E.  Address: All IDOC facilites

Defendant(s)

D.  Defendant: John/Jane Doe #2

   Title: Regional Director IDOC Southern District

   Place of employment: 1301 Concordia Ct., Springfield, IL 62794

E.  Defendant: John/Jane Doe #3

   Title: ADA Director IDOC

   Place of employment: 1301 Concordia Ct., Springfield, IL 62794

F.  Defendant: John/Jane Doe # 4

   Title: Medical Director IDOC

   Place of employment: 1301 Concordia Ct., Springfield, IL 62794

G.  Defendant: Lazano

   Title: Warden

   Place of employment: Dixon C.C.

H.  Defendant: Andrea Tack

   Title: Warden

   Place of employment: Dixon C.C.

I.  Defendant: Brittany Greene

   Title: Warden

   Place of employment: Western IL C.C., 2500 Rt 99 South, Mt. Sterling, IL 62353

2b

Case: 3:25-cv-50418 Document #: 1 Filed: 09/17/25 Page 5 of 17 PageID #:5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

   A. Name of case and docket number: Smith v. Chatman, et al., No. 06 C 2969

   B. Approximate date of filing lawsuit: 5/30/06

   C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Unable to recall. Seneca Smith

   D. List all defendants: ~~Unable to recall~~ Calvin Chatman, Dwayne Collier, Anthony Wojcik, and The rest I can not recall

   E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. Dist Ct. ND IL

   F. Name of judge to whom case was assigned: ~~Unable to recall~~ I believe Amy St. Eve

   G. Basic claim made: Excessive Force, Conspiracy to Frame me

   H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Case dismiss by plaintiff without prejudice

   I. Approximate date of disposition: 12/01/08

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Continue III.

A. Smith v. County of Cook, et al., No. 09-cv-0656
B. Filed 3/26/09
C. Plaintiff - Seneca Smith
D. Unable to recall defendants - Documents lost
E. Filed in: U.S. Dist. Court, Northern Dist. of Illinois
F. Judge: I believe it was Amy St.Eve
G. Basic of claim was: Deliberate indifference to a Serious Medical issue
H. Case was Settle
I. Closed 06/16/10

A. Smith v. Director of IDOC, et al. No. 10-cv-5167
B. Filed 08/16/10
C. Plaintiff - Seneca Smith
D. Unable to recall defendants - Documents lost  Andrea Bacot.
E. Filed in: U.S. Dist. Court, Northern Dist. of Illinois
F. Judge: I believe it was Bucklo
G. Basic of claim was: Deliberate Indifference - Medical
H. Summary Judgment for defendant
I. Closed 07/18/14

A. Seneca Smith (a.k.a. Roger Williams) v. Tom Dart et al., No.10-cv-5169
B. Filed 08/16/10
C. Plaintiff - Seneca Smith
D. Unable to recall defendants - Documents lost
E. Filed in: U.S. Dist. Court, N.D. of Illinois
F. Judge: I believe it was Bucklo
G. Basic of claim: Unable to recall - Documents lost  Lt Galan, Thielen, Walton, Atkins, Thoms, Hickerson
H. Either Summary Judgment for defendants or Settled
I. Closed 12/15/14

A. Smith v. Dart et. al. No. 10-cv-6395
B. Filed 10/12/10
C. Plaintiff - Seneca Smith
D. Unable to recall defendants - Documents lost  Conley, Piemonte, Ramos, Martierie, Farris, Blunt, Conley, Alvarez, Wilson
E. Filed in: U.S. Dist. Court, N.D. of Illinois
F. Judge: I believe it was Bucklo

G. Basic of Claim: Unable to recall - Documents lost
H. Either Summary Judgment for defendants or settled
I. Closed 01/28/13


A. Smith v. Godinez et al., No. 10-cv-6900
B. Filed 10/26/10
C. Plaintiff - Seneca Smith
D. Unable to recall defendants - Documents lost
E. Filed in: U.S. Dist. Court, N.D. of Illinois
F. Judge: I believe it was Bucklo
G. Basic of Claim: Unable to recall - Documents lost ←  *Jones, Russell*
H. Either Summary Judgment for defendants or settled
I. Closed 10/03/12


A. Smith v. Hallberg et al., No. 11-cv-0188
B. Filed 01/11/11
C. Plaintiff - Seneca smith
D. Unable to recall defendants - Documents lost ← *Hallberg, Stien, Jones, Morjo*
E. Filed in: U.S. Dist. Court, N.D. of Illinois
F. Judge: I believe it was Bucklo
G. Basic of Claim: Unable to recall - Documents lost
H. Either Summary Judgment for defendants or settled
I. Closed 09/25/12


A. Smith v. Thomas et al., No. 11-cv-0189
B. Filed 01/11/11
C. Plaintiff - Seneca Smith
D. Unable to recall defendants - Documents lost
E. Filed in: U.S. Dist. Court, N.D. of Illinois
F. Judge: I believe it was Bucklo
G. Basic of Claim: Unable to recall - Documents lost
H. Either Summary Judgment for defendants or settled
I. Closed 12/15/14


A. Smith v. Alverez et al., No. 11-cv-0190
B. Filed 01/11/11
C. Plaintiff - Seneca Smith
D. Unable to recall defendants - Documents lost ↑

*Nancy Alvarez, Belinda Blunt, Nakeea Buchanan-Smith, William Lopez*

E. Filed in: U.S. Dist. Court, N.D. of Illinois
F. Judge: I believe it was Bucklo
G. Basic of Claim: Unable to recall - Documents lost
H. Either Summary Judgment for defendants or Settled
I. Closed 10/15/12

A. Smith v. Couolino et al., No. 12-cv-1236
B. Filed 02/21/12
C. Plaintiff - Seneca Smith
D. Unable to recall defendants - Documents lost
E. Filed in: U.S. Dist.Court, N.D. of Illinois
F. Judge: I believe it was Bucklo
G. Basic of Claim: Unable to recall - Documents lost
H. Either Summary Judgment for defendants or Settled
I. Closed 12/16/14

A. Smith v. Tack et al
B. Filed 7/21/2025
C. Plaintiff - Seneca Smith
D. Defendants - Andrea Tack, Art Manzano, Robert Thomas, & John Doe or Jane
E. Filed in: U.S. Dist. Court, N.D. of Illinois
F. Judge: ~~Jackenson~~ Hon. Rebecca R. Pallmeyer
G. Basic of Claim: Retaliatory transfer
H. Pending
I. Pending

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. Defendants are employees of the IL Dep't of Corrections (IDOC). Latoya Hughes, John/Jane Doe #1-4 and Dixon C.C. (DCC) wardens Lazano and Tack along with warden Greene Western IL C.C. (WICC), have a duty via the U.S. Constitution, Americans wi the Disabilities Act (ADA), Unified Code Of Corrections 730 IL CS 5/3-7-3(b), and their post descriptions, to ensure the heal th and safety of Plaintiff and all class members (CM)/Individu als in Custody (IC) in their care and custody. Furthermore, ev ery memorandum issued in IDOC states that the Defendants' miss ion is to serve justice in Illinois and increase public safety by promoting positive change for those in custody. Yet, as wil l be explained below, the Defendants have failed to implement a policy and procedure to prevent IC from enduring the affects of extreme heat. The **climate crisis** is exacerbating the issue.

2. Plaintiff has been an IC of IDOC since 2010. Since then, mental health professionals have diagnosed him as having **Serio us Mental Illness[es]** and thus he is documented under SMI stat us. See 20 IL ADM CODE 504.12. And due to that status is presc

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

ribed wellbrutin 400mg daily. He attends many mental health sessions and classes which are ongoing. He was prescribed Gabapentin up until recently when he was prescribed Cymbalta (also a psychotrpic medication) for gunshot wounds from 21 years ago. Both wellbrutin and cymbalta exacerbate the human body temperature well beyond its core. He also is prescribed

He was confined at DCC from January 2020 until he was transferred to WICC in February 2024 where he has been confined since.

3. The IDOC population consist of 29,000 IC. The vast majority of which are prescribed pyschotropic medication[s]. 11,000 of which are under SMI status.

4. Plaintiff is an obese man weighing 260lbs. He is locked in a cell for the majority of the day at his current place of confinement (WICC). The cells at WICC were not designed in the UCC 50sq feet per person law. No cell in IDOC. He is and always has been assigned to the cell with another IC. The floor space in IDOC cells is totally inadequate. He is currently in a cell with a floor space of 2'x 5' which he is sharing with a IC that weighs 250lbs.

5. The vast majority of IC in IDOC spend the vast majority of the day locked in the cells. Thus being subjected to **solitary confinement** which at least Defendant Hughes acknowledges in t

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

he class action suit pending on that very matter in **Davis v. Hughes**, No. 16 C 600 (S.D. Ill.). Furthermore, WICC is the only prison that provides IC with one day room per day while all other medium and **maximum** security prisons offer two (2) per day. The only anomolies are Kewanee and Graham C.C. which offer all day access to day room.

6. The cells in IDOC prisons absorb the elements of the spring and summer seasons due to their concrete and metal structure and thus are at least 10° above the forecasted temperature.

7. The IDOC has at least 28 prisons that it owns and operates. Kewanee, Jacksonville, Robinson, Unit C26 at Sheridan, and the administration building at East Moline are the only prisons with air conditioning (AC).

8. The only means, which is of no effect, as the Defendants know, IC have to try to combat the dangerous temperatures described herein as between 85-110° is those of purchasing a fan from commissary. When purchased it takes a month to two to be given the fan due to IDOC policy. Defendant Greene allows but one commissary shop per month which is a violation of the commissary standardization (CCS) which mandates that she allow IC to shop once per week. Defendant Greene fails to ensure that her subordinate commissary supervisors order a sufficient amount of fans or at times any fans for the IC population. Some prisons have no state loan program. None of the segregation (seg) cells in the medium and minimum security

5a

prisons have electrical sockets in them and thus IC are not provided fans there. Plaintiff has spent time in seg. Fans do nothing but blow the hot air from the heat and thus exacerbate the issue. IC are allowed one cup/bowl of ice when not allowed day room when temperatures reach 85° or above. Many times Plaintiff was denied this ice (although he is pre-diabetic) due to staff cruelty. Defendant Greene also fails to ensure that said commissary supervisors sell IC cooling towels, electrolyte drinks, and the allowed 20 bottles (instead of the six (6) they sell) of water.

9. As further proof of the Defendants' deliberate indifference, and more than a slap in the face to all IC, all IDOC staff posts are AC. Including the control bubble and foyer of every Unit in which IC are housed in. The animals from the Dog Kennel programs at IDOC are housed in rooms in the foyer at their respective facility. Yet Plaintiff is treated worse than a dog.

10. As a result of the Defendants' failure to protect Plaintiff from the extreme heat, he has suffered dizziness, vomitting, extreme headaches, lethargy, shallow breathing, fatigue, confusion, and hot pale skin. As well as mental health issues.

11. Defendants have no policy in place to prevent the injuries described herein and also have failed to equip each IDOC prison with the following:

(a) AC for IC cells and dayrooms; (b) sanitary, functioning water faucets on all outdoor recreational yards, in all gymnasiums, and in all day rooms; (c) pavillions on all outdoor recreational y

ards that IC can use as cooling zones; (d) operational, sanitary ventillation in IC cells and in day rooms; (e) four times a day access to ice during lock-in hours; (f) two day rooms per day at DICC; (g) every 30 minutes welness checks by staff for IC during lock-in hours; (h) cool showers during relevant seasons; (i) IC weekly access to commissary in accordance with CS, and that sufficient amunts of fans are stocked, cooling towels, and 20 bottles of water and 20 bottles of electrolytes are sold at all times. And that fans be provided to IC at the commissary the same day of purchase (like used to toebe done) and within a day of an indigent IC request; and (j) **Dr. Roxanna Chicas's (Climate and Nurse Scientist, Emory University) CT Emory Wearable Patch.**

12. Defendants are well aware of these violations via the many past and present complaints, and injuries suffered, by Plaintiff and IC yet have failed to take corrective action.

13. By the foregoing acts, Defendants Hughes, Doe #1, Hammers, Doe #2, Doe #3, DOe #4, Lazano, Tack, and Greene have violated Plaintiff's rights under the Eighth and Fourteenth Amendments, ADA and UCC.

14. I hereby declare, under penalty of perjury, under the laws of the United States, that the foregoing is true and correct to the best of my knowledge and recollection.

**Relief Requested:** Plaintiff seeks (a) punitive damages from each Defendant in amount to be ascertained at trial; (b) costs, fees, and expenses; (c) attorney fees and costs; (d) permanent injunctive relief providing the protections listed in ¶ (a)-(d), (h)-(j); (e) preliminary injunctive relief providing the transfer of Plaintiff to one of the prisons listed in ¶ 7, supra, and the protections listed in ¶ 11 (e)-(i), supra; and (f) any other relief the Court deems just and proper.

5c

15. Many of the class members are obese and spend lock-in hours in cells that are in violation of the UCC. Most are subject to solitary confinement. The class members at WICC are only provided one day room per day.

16. The cells they are locked in absorb the elements of the spring and summer seasons due to their concrete and metal structure and thus are at least 10° above the forecasted temperature.

17. The IDOC has at least 28 prisons that it owns and operates. Kewanee, Jacksonville, Robinson, Unit C26 at Sheridan, and the administration building at East Moline are the only prisons with air conditioning (AC).

18. The only means, which is of no affect, as the Defendants know, the class members have to try to combat the dangerous temperatures described herein as between 85-110° is those of purchasing a fan from the commissary. When purchased it takes a month to two to be given the fan due to IDOC policy. The wardens (including Lazano, Tack, and Greene) do not allow the class members to shop every week as mandated by the commissary standardization (CS). Defendant Greene allows but one commissary shop per month. The Defendants fail to ensure that their subordinate commissary supervisors order a sufficient amount of fans or at times any fans for the class members. If a class member is indigent he/she can request a state loan fan which is rarely available. Some prisons have no state loan program. None of the segregation (seg) cells in the medium and minimum security prisons have electrical sockets in them and thus IC a

5d

re not provided fans there. Fans do nothing blow the hot air from the heat and thus exacerbate the issue. Class members in the medium and maximum security prisons are allowed one cup/bowl of ice when not allowed day room when temperature reach 85° or above. Many times class members are denied this ice due to staff cuelty. The Defendants also fail to ensure that the commissary supervisors sell the class members cooling towels, electrlyte drinks, and the allowed 20 bottles (instead of the 6 they sell) of water.

19. As further proof of the Defendants' deliberate indifference, and more than a slap in the face to the class members, all IDOC staff posts are AC. Including the control bubble and foyer of every unit in which class members are housed in. The animals from the Dog Kennel programs at IDOC are housed in rooms in the foyer at their respective facility. Yet the class members are treated worse than dogs.

20. As a result of the Defendants' failure to protect the class members from the extreme heat, they have suffered heat exhaustion, heat stroke, and in in some cases (as in that of Michael Braodway at Stateville in 2024) death. And also mental health issues.

21. Defendants have no policy in place to prevent the injuries (or deaths) described herein and also have failed to equip each IDOC prison with the following:

(a) AC for the class members' cells and day rooms; (b) sanitary, functioning water faucets on all outdoor recreational yards, in all gymnasiums, and in all day rooms; (c) pavillions on all outdoor recreational yards that the class members can use as cooling zones; (d) operational, sanitary ventillation in class members' cel

5e

ls and in day rooms; (e) four times a day access to ice during lock-in hours; (f) two day rooms per day for class members in prisons that provide but one per day; (g) every 30 minutes wellness checks by staff for the class members during lock-in hours; (h) cool showers during relevant seasons; (i) class members weekly access to commissary in accordance with the CS, and that sufficient amounts of fans are stocked, cooling towels, and 20 bottles of water and 20 bottles of electrlytes are sold at all times. And that fans be provided to the class members at the commissary the same of purchase (like used to be done) and within a day of an indigent class member's request; and (j) **Dr. Roxanna Chicas's (Climate and Nurse Scientist, Emory University) CT Emory Wearable Patch.**

22. Defendants are well aware of these violations via the many past and present complaints filed, and injuries suffered, by the class members yet have failed to take corrective action.

23. Class members are defined as all past, present, and future Individuals in Custody (IC) of the IL Dep't of Corrections (IDOC).

24. By the foregoing acts, Defendants Hughes, Doe #1, Hammers, Doe #2, Doe #3, Doe #4, Lazano, Tack, and Greene have violated the class members' rights under the Eighth and Fourteenth Amendments, ADA, and UCC.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

V. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Class members seek (a) punitive damages from each Defendant in an amount to be ascertained at trial; (b) costs, fees, and expenses; (c) attorney fees and costs; (d) permanent injunctive relief providing the protections listed in ¶ 21(a)-(d) & (h)-(j); (e) preliminary injunctive relief providing the protections listed in ¶ 21(e)-(i); and (f) any other relief the Court deems just and proper.

VI. The plaintiff demands that the case be tried by a jury.  ☒ YES  ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __17__ day of __September__, 20__25__

Seneca Smith on behaldf of all class members

_Seneca Smith_
(Signature of plaintiff or plaintiffs)

_Seneca Smith_
(Print name)

_K76299_
(I.D. Number)

2500 Rte. 99 South
Mt. Sterling, Il. 62353

(Address)