**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Seneca Smith (K-76299), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 C 50418 |
| v. | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
| Latoya Hughes, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The court has reviewed Plaintiff's complaint [1] under 28 U.S.C. § 1915A, and it is dismissed without prejudice for misjoinder of claims. Plaintiff's motions for class certification [7], for preliminary injunctive relief [5] [6], and for attorney representation [4] are denied. Failure to submit a proposed amended complaint consistent with this order by December 8, 2025 may result in dismissal of this lawsuit. Plaintiff is reminded that he must promptly submit a change-of-address notification if he is released or transferred to another facility while this case is open. If he fails to comply, this case will be subject to dismissal. The Clerk is directed to send Plaintiff a copy of this order and a blank amended complaint form.

## STATEMENT

Plaintiff Seneca Smith, a prisoner at Western Illinois Correctional Center, brings this purported class action lawsuit concerning various concerns, including what he describes as extreme heat in various prisons. Plaintiff has paid the filing fee as directed.

Because Plaintiff is seeking redress from employees or officials of a governmental entity, the court must screen his complaint and dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A; *Jones v. Bock,* 549 U.S. 199, 213–14 (2007); *Shaw v. Kemper*, 52 F.4th 331, 333 (7th Cir. 2022). At screening, the court uses the standard applied to motions to dismiss and will allow a claim to proceed "only to the extent that the prisoner has pleaded facts to demonstrate that he has a plausible claim for relief." *Schillinger v. Kiley*, 954 F.3d 990, 993–94 (7th Cir. 2020). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff has been in IDOC custody since 2010. He challenges the conditions of confinement at Dixon Correctional Center, where he was confined from January 2020 until February 2024, and Western Illinois Correctional Center, where he was detained from February 2024 to the present. As explained below, he has numerous concerns.

Plaintiff alleges that he has been diagnosed as seriously mental ill and has been prescribed medications that raise his body temperature. (Pl.'s Compl. [1] at 9-10.) He contends that Defendants, IDOC Director Latoya Hughes and various named and unnamed Illinois Department of Corrections (IDOC) officials, have "failed to implement a policy and procedure to

prevent [inmates] from enduring the [e]ffects of extreme heat."  Plaintiff alleges that he is an obese man who is confined with another large man to a cell with a floor space of just two feet by five feet, a cell size that does not comply with state regulations.  (*Id.*)  Plaintiff himself has a cellmate, but he alleges that the "vast majority" of inmates spend most of their time in their cells, which he likens to solitary confinement.  (*Id.* at 10-11.)  At Western Illinois, inmates have just one dayroom period per day, unlike other medium and maximum security prisons, which offer two.  (*Id.* at 11.)

The heat issue is exacerbated by the fact that cells at IDOC prisons are made of concrete and metal, which makes cell temperatures higher than the ambient temperature.  (*Id.*)  IDOC operates at least 28 prisons, but only a few have air conditioning, and the only means that inmates have to combat temperatures from 85 to 110 degrees is by purchasing fans at the prison commissary—but Western Illinois Warden Brittany Greene allows inmates to shop at the commissary only once a month, despite state regulations specifying  that they be allowed to shop once a week.  (*Id.*)  Moreover, there are not a sufficient number of fans on hand for inmates to purchase; some state prisons do not have loan programs; inmates in segregation are not provided with fans; and segregation cells do not have electrical sockets.  (*Id.* at 11-12.)  The fans themselves provide little relief; they "do nothing but blow the hot air" around.  (*Id.* at 12.)  When temperatures exceed 85 degrees, inmates are allowed one cup or bowl of ice, but Plaintiff himself was often denied ice "due to staff cruelty."  (*Id.*)  Plaintiff faults Warden Greene for failing to ensure that the commissary sells cooling towels, electrolyte drinks, and the allowed amount of 20 bottles of water.  (*Id.*)  He notes that staff areas (like the control bubbles and foyers and even the area where dogs in training programs are housed) are air conditioned.  Plaintiff is in effect "treated worse than a dog."  (*Id.*)

Due to Defendants' failure to protect him from the extreme heat, Plaintiff alleges, he has suffered dizziness, vomiting, "extreme headaches," lethargy, "shallow breathing," fatigue, confusion, and "hot pale skin," as well as mental health issues.  (*Id.*)

Defendants allegedly have no policy in place to prevent these injuries and have failed to equip each prison with: (1) air conditioning; (2) "sanitary, functioning water fountains" in outdoor recreation areas, gyms, and dayrooms, (3) pavilions in outdoor recreation areas; (4) "operational, sanitary ventilation" in cells and dayrooms; (5) regular access to ice during "lock-in hours"; (6) two dayroom periods per day at Western Illinois; (7) 30-minute wellness checks by officers; (8) cool showers during the relevant seasons; (9) weekly access to commissary and sufficient stocking of fans and other cooling items; or (10) something Plaintiff describes as a "CT Emory wearable patch."[1]  (*Id.* at 12-13.)

Defendants are aware of the issue, Plaintiff alleges, because he and other inmates have filed complaints, but there has been no corrective action.  (*Id.* at 13.)  Plaintiff contends that this violated his rights under the Eighth Amendment, the Americans with Disabilities Act, and the Unified Code of Corrections, 735 ILCS 5/3-7-3(b).  (*Id.*)  He seeks punitive damages, injunctive relief, costs, and fees.  (*Id.*)

Plaintiff's complaint cannot proceed as drafted for several reasons.

First, Plaintiff frames many of his allegations as concerning a class of inmates (*see id.* at

---

[1]     This apparently is a reference to a wearable skin patch developed to protect people who work outside from heat-related injuries.  Geogia Tech, News Center, Real-Time Heat Protection Device Being Tested in Florida, https://news.gatech.edu/news/2024/03/18/real-time-heat-protection-device-being-tested-florida (last visited Nov. 6, 2025).

14-16) and provides few specifics about his own experiences. As a *pro se* litigant, Plaintiff has no standing to bring a class action on behalf of other inmates. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (*pro se* litigant is not an adequate class representative); *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) (one *pro se* litigant cannot represent another). Plaintiff may proceed only on his own claims. Plaintiff's motion seeking class certification ([7] is therefore denied.

Further, Plaintiff's claims concerning events that occurred at Dixon Correctional Center are not properly joined with his claims concerning his current conditions of confinement at Western Illinois Correctional Center. Rules for joining claims and defendants in a single lawsuit apply to prisoners as they do to all litigants. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (citing FED. R. CIV. P. 18, 20); *see also Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Thus, a prisoner may not use a single case as a vehicle to litigate claims that are based on unrelated actions taken by different defendants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The court may, in its discretion, allow a prisoner to proceed with a multi-defendant/multi-claim complaint if the claims against each defendant "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and involve "question[s] of law or fact common to all defendants." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020) (unpublished) (quoting FED. R. CIV. P. 20(a)(2)); *see also Dorsey*, 55 F.4th at 1103–04; *Manson v. W. Ill. Corr. Ctr.*, No. 21-2941, 2022 WL 4298559, at *1 (7th Cir. Sept. 19, 2022) (unreported) (explaining that under Rule 20(a)(2), an inmate "may join multiple defendants in a suit only if all of the defendants could be liable on a single claim").

In his complaint, Plaintiff identifies certain overarching IDOC policies (or their absence) regarding heat management, but he also acknowledges that prisons have different policies when it comes to commissary purchases, dayroom periods, and the availability of loan programs to obtain fans. Each prison also has a different physical plant. To the extent that Plaintiff seeks to bring claims regarding extreme temperatures at both Dixon Correctional Center and Western Illinois Correctional Center, the court concludes that those claims belong in separate lawsuits. The complaint is dismissed without prejudice to the filing of an amended complaint by December 8, 2025, limited to his own claims and experiences at Dixon Correctional Center.

Plaintiff may also bring claims concerning conditions at Western Illinois Correctional Center, but those claims must be brought in a separate lawsuit. Because Western Illinois Correctional Center is located in Mount Sterling, Ill., in Brown County, any such lawsuit must be brought in the Central District of Illinois. *See* 28 U.S.C. § 93(b).

Plaintiff's requests for preliminary injunctive relief ([5], [6]) are denied without prejudice. First, to be clear, Plaintiff cannot request injunctive relief without a proper complaint. *Smith v. Harrington*, No. 13-cv-900, 2013 WL 4854467, at *1 (S.D. Ill. Sept. 11, 2013). Regardless, any request for injunctive relief related to the conditions of Dixon Correctional Center is moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.") (cleaned up).

Finally, Plaintiff's motion for attorney representation ([4]) is denied without prejudice. The court notes, first, that Plaintiff asked these firms to represent him in connection with a class action; they may have been more willing to represent him for purposes of his own individual claims. That aside, the court declines to recruit an attorney to represent Plaintiff. He is an experienced *pro se* litigant, competent to use the guidance in this order to submit an amended complaint limited to his own claims concerning the conditions at Dixon Correctional Center.

For all the foregoing reasons, Plaintiff's complaint is dismissed without prejudice to Plaintiff bringing a proposed amended complaint on this court's required form, limited to his claims regarding conditions at Dixon Correctional Center. Failure to do so by December 8, 2025 will result in dismissal of this action.

ENTER:

Date: November 7, 2025

REBECCA R. PALLMEYER
United States District Judge